IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| LOYAL C. CURL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-220-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Court now reviews Petitioner Loyal C. Curl's Petition for Writ of Habeas Corpus, which was originally filed in the United States District Court for the District of Columbia and transferred to this Court on jurisdictional grounds. Upon a review of the docket, the Court has determined that Petitioner currently has pending before United States Magistrate Judge Mikel H. Williams a § 2254 habeas corpus petition challenging the same conviction and sentence. *See Curl v. Blades*, CV05-115-S-MHW.

Petitioner filed his second Petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") (April 24, 1996). Therefore, this Court's jurisdiction to hear the second Petition is governed by AEDPA's rules regarding second or successive habeas corpus petitions. The adoption of § 2244(b) as a part of AEDPA forecloses prisoners from filing multiple habeas corpus petitions without satisfying strict statutory requirements.

ORDER 1

Before a petitioner may file a second or successive petition, he must make a "prima facie showing" to the Court of Appeals that it would satisfy 28 U.S.C. § 2244(b), and receive authorization from the Court of Appeals to proceed in the District Court. *Thompson v. Calderon*, 151 F.3d 918, 924 (9th Cir. 1998). The District Court has no jurisdiction to hear the merits of a second or successive petition unless the Court of Appeals has granted a petitioner permission to file such a petition. *See* 28 U.S.C. § 2244(b)(3); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam)) (stating that district courts lack jurisdiction to consider unauthorized successive petitions).

Here, because Petitioner already has a pending Habeas Corpus Petition, his new Petition is a second or successive Petition. Therefore, he cannot bring it without authorization from the Ninth Circuit Court of Appeals.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Petition is dismissed for lack of jurisdiction.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motions for Change of Venue (Docket Nos. 5 & 9) are MOOT.



DATED: **June 13, 2006**

Honorable Edward J. Lodge
U. S. District Judge

ORDER  2